```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

RICKET CARTER,                    *

     Plaintiff,                   *

vs.                               *
                                        CASE NO. 4:12-CV-48 (CDL)
COLUMBUS CONSOLIDATED             *
GOVERNMENT,
                                  *
     Defendant.
                                  *
```

O R D E R

Before the Court is the Motion to Dismiss of Defendant Columbus Consolidated Government ("Columbus"). For the reasons set forth below, the Motion to Dismiss (ECF No. 3) is granted and Plaintiff Ricket Carter's malicious prosecution claim against Columbus is dismissed.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570).

FACTUAL ALLEGATIONS

Carter, proceeding *pro se*, asserts claims of false arrest and malicious prosecution and appears to seek monetary relief under 42 U.S.C. § 1983 and Georgia state law. *See generally* Notice of Removal Ex. B, Compl., ECF No. 1-3 (hereinafter "Compl."). Specifically, Carter claims that Columbus law enforcement officers arrested him without probable cause, kept him in a patrol car for forty-five minutes, and then released him without bringing criminal charges. *Id.* ¶¶ 3-6.

DISCUSSION

Columbus moves to dismiss Carter's malicious prosecution claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss 1, ECF No. 3. To prevail on a claim of malicious prosecution under 42 U.S.C. § 1983, a plaintiff must prove "(1) the elements of the common law tort of malicious prosecution; *and* (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). "Criminal prosecution of the plaintiff" is an essential element of the common law tort of malicious prosecution. *K-Mart Corp. v. Coker*, 261 Ga. 745, 749, 410 S.E.2d 425, 428 (1991). Mr. Carter admits in his Complaint that he was never prosecuted. Compl. ¶

2

6.  Because Carter did not allege that he was criminally prosecuted, Columbus's Motion to Dismiss Carter's claim of malicious prosecution is granted.  Carter's false arrest claim remains pending.

IT IS SO ORDERED, this 13th day of June, 2012.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
