IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RICKET CARTER,                        *

    Plaintiff,                    *

vs.                                   *
                                        CASE NO. 4:12-CV-48 (CDL)
COLUMBUS CONSOLIDATED             *
GOVERNMENT,
                              *

    Defendant.

O R D E R

Plaintiff Ricket Carter ("Carter") was arrested by Columbus police officers on September 8, 2010. He alleges that the arresting officers arrested him without probable cause in violation of his constitutional rights under the Fourth Amendment to be free from unreasonable search and seizure.[1] Carter asserts claims against Defendant Columbus Consolidated Government ("Columbus") pursuant to 42 U.S.C. § 1983. Columbus has filed a Motion for Summary Judgment (ECF No. 15). For the reasons set forth below, the Court grants the motion.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Carter also brought a claim for malicious prosecution that the Court previously dismissed. *Carter v. Columbus Consol. Gov't*, No. 4:12-CV-48 (CDL), 2012 WL 2154254, at *1 (M.D. Ga. June 13, 2012).

Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

The following facts are undisputed.

On September 8, 2010, Columbus Police Department ("CPD") Officers Benjamin Shuler and Robert Rives arrested Carter by placing him in the back of a police car where he remained for forty-five minutes to an hour before he was released. Carter was never charged with a crime.

The CPD's Criminal Process policy states that "[n]o officer shall arrest any person without a warrant when he knows that he is without probable cause to arrest such person." Shuler Dep. Ex. 9, CPD General Order on Criminal Process 5-2.7 A, ECF No. 19-1 at 70 [hereinafter CPD Criminal Process]. Both of the CPD officers who arrested Carter attended police officer training programs through the CPD that included training on arrests and

2

detentions of individuals. Rives Dep. 9:13-10:1, 62:3-63:15, ECF No. 20; Shuler Dep. 12:9-16:23, ECF No. 19.

Prior to Carter's arrest, Officer Rives had been subject to discipline and suspended as a CPD police officer "for not doing the proper reports and for not logging in found drugs that was [sic] brought to his attention." Rives Dep. 12:5-8, 16:18-22, 17:13-15; *accord* Grubb Dep. 12:15-15:16, ECF No. 21. As part of Rives's disciplinary review, Rives's supervisor commented that Rives "needs to read the policy manual, specifically concerning the primary responsibilities of a Police Officer" and "have a better working knowledge of laws of Columbus and Georgia." Shuler Dep. Ex. 8, Officer-Employee Evaluation Report, ECF No. 19-1 at 23-24; *accord* Grubb Dep. 15:17-22; Rives Dep. 14:5-21, 17:1-3.

DISCUSSION

Columbus argues that regardless of whether Carter's detention rose to the level of an unconstitutional seizure, the city cannot be liable because no evidence exists that it had a custom or policy that contributed to the alleged constitutional violation. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Thus, absent a "showing that [his] injury was the result of the city's unlawful policy or custom," Carter cannot recover on his claim. *Skop v. City of Atlanta,* 485 F.3d 1130, 1145 (11th Cir. 2007). To establish that a municipality's practice rises to the level of a policy or custom for which it can be liable, Carter must show "a persistent and wide-spread practice." *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986).

Carter has failed to produce evidence of any policy, practice, or custom sufficient to create a factual dispute as to Columbus's liability under § 1983. In fact, the only evidence on this issue demonstrates that Columbus had a policy to prevent unlawful detentions. Pursuant to CPD official policy, Columbus trains its police officers not to make arrests without probable cause that a violation of the law has occurred. CPD General Order on Criminal Process 5-2.7 A. The only evidence that Carter points to in support of his claim against Columbus is Rives's previous failure to follow CPD policies and procedures before he detained Carter. Carter argues that because Columbus did not make any changes to Officer Rives's employment status after these policy violations, "it can be inferred that the City's inaction caused the constitutional violations of which

4

the Plaintiff suffered injury." Br. in Opp'n to Def.'s Mot. for Summ. J. 8, ECF No. 16-1. Notably, Rives's previous policy violations did not involve making arrests without probable cause, which is the alleged constitutional violation in the present action. *See* Rives Dep. 12:5-8, 16:18-22, 17:13-15. Contrary to Carter's suggestion, the CPD's disciplining of Rives actually supports the conclusion that Columbus had policies and procedures in place to prohibit constitutional violations not to cause them. *See Skop*, 485 F.3d at 1145 ("[T]he fact that [the officer] was officially disciplined for his actions by the [police department] well in advance of the present lawsuit suggests that his actions were inconsistent with [the police department] goals and training."). It is clear that these prior disciplinary incidents do not amount to a policy, practice, or custom as is required for municipal liability. *See Depew*, 787 F.2d at 1499 ("[R]andom acts or isolated incidents are insufficient to establish a custom or policy."). Because Carter has not produced any evidence that a custom or policy of Columbus was a "moving force" behind his alleged unconstitutional arrest, the Court grants summary judgment to Columbus. *Monell*, 436 U.S. at 694; *Skop*, 485 F.3d at 1145.

CONCLUSION

For the reasons set forth above, the Court grants Columbus's Motion for Summary Judgment (ECF No. 15).

5

IT IS SO ORDERED, this 2nd day of April, 2013.

                                          S/Clay D. Land
                                            CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE